**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2319-19

JERMAINE VAUGHN,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 12, 2021 – Decided November 1, 2021

Before Judges Sabatino and Rothstadt.

On appeal from the New Jersey Department of Corrections.

Jermaine Vaughn, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Stephanie D. Trotter, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Jermaine Vaughn, a state prisoner, is serving a life sentence for murder, N.J.S.A. 2C:11-3(b). As of the date of the appeal, he had served twenty-five years. He first becomes eligible for parole review in August 2026.

Representing himself, Vaughn appeals from a December 31, 2019 final agency decision of the Department of Corrections denying his request for commutation time credits to thereby reduce his sentence. We affirm that denial.

In certain appropriate circumstances, a state prisoner can earn commutation credits to reduce his sentence for "continuous orderly deportment" (i.e., good behavior) under N.J.S.A. 30:4-140, pursuant to the formula specified in that statute. As the Department's decision and its brief on appeal correctly point out, the basis for Vaughn's request for such commutation credits does not fit within these circumstances and therefore is legally untenable.

N.J.S.A. 30:4-140 and its companion regulation, N.J.A.C. 10A:9-5.2, limit eligibility for commutation credits to sentences that have both a minimum and maximum term of years. A sentence to life in prison, such as the one imposed on Vaughn, has an indefinite terminus. The inmate so sentenced may be confined for the rest of his or her natural life. By its inherent nature, a life sentence has no minimum or maximum term of years.

We reject Vaughn's argument that he is entitled to commutation credits through the application of the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2. Subsection (a) of NERA, as amended, prescribes that a defendant must serve eighty-five percent of the sentence imposed for certain enumerated first-degree and second-degree crimes before he or she may become eligible for parole. The enumerated crimes under NERA now include murder. See N.J.S.A. 2C:43-7.2(d)(1).

When, as here, a defendant receives a life sentence for an enumerated NERA offense, the 85% minimum parole ineligibility period for a life sentence is calculated by deeming the sentence to be seventy-five years. N.J.S.A. 2C:43-7.2(b). But this deemer provision within NERA is expressly limited to such parole eligibility calculations. Ibid. ("Solely for purposes of calculating the minimum term of parole ineligibility pursuant to subsection a of the section, a sentence of life imprisonment shall be deemed to be 75 years.") (emphasis added). Hence, NERA does not transform a life sentence into a minimum term of years for which commutation credits may be earned under N.J.S.A. 30:4-140.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3